UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

"IN ADMIRALTY"

Case No:

INTERIOR SYSTEMS MANAGEMENT CORP.
        Plaintiff,

vs.

*M/Y BROADWATER* a 159' Feadship,
along with her engines tackle equipment,
rigging, dinghies, furniture, appurtenances,
etc., *in rem*,

        Defendant.
_____/

**VERIFIED COMPLAINT *IN REM***

PLAINTIFF, **INTERIOR SYSTEMS MANAGEMENT CORP.**, (hereinafter "**ISM**"), hereby sues the *M/Y BROADWATER*, a 159' Feadship along with her engines tackle equipment, rigging, dinghies, furniture, appurtenances, etc., (hereinafter, *M/Y BROADWATER*) *in rem*, and alleges:

**JURISDICTION & VENUE**

1. This is an action to enforce a maritime lien against the *M/Y BROADWATER* under 46 U.S.C. § 31342 and Supplemental Admiralty Rule C as well as an action for breach of maritime contract against GLOBAL VESSEL SERVICES under the General Maritime Law of the United States as more fully alleged below.

2. This is an Admiralty and Maritime Claim within in meaning of Article III Section 2 of the United States Constitution, 28 U.S.C. § 1333, Fed.R.Civ.P. 9(h), and/or Supplemental Admiralty Rule C, to enforce a maritime lien against the *M/Y BROADWATER* as well as an

action in law for breach of maritime contract against GLOBAL VESSEL SERVICES. As such, subject matter jurisdiction lies with this Court.

3. At all times hereinafter mentioned, the defendant vessel *M/Y BROADWATER* was/is a private ocean going yacht, and is currently located in West Palm Beach, Florida and therefore within the jurisdictional territory of this Honorable Court. As such, venue in the District is appropriate.

## GENERAL ALLEGATIONS

4. ISM is an active Florida Corporation engaged in the business of yacht interior renovations/restorations.

5. The *M/Y BROAD WATER* is a 159', 1990 Feadship motor yacht.

6. GLOBAL VESSEL SERVICES is an active corporation, engaged in the business of managing yacht maintenance and refits.

7. On or about July 6, 2016, GLOBAL VESSEL SERVICES, INC., on behalf of the yacht and the yacht's owner, contracted with ISM to refit portions of the *M/Y BROADWATER's* interior including fabrication and installation of valances, wall, paneling, fabrication of sub walls, beds, flooring, window boxes and other miscellaneous additional items.

8. ISM preformed interior renovations to the *M/Y BROADWATER* within the State of Florida which included. A list of worked preformed on the *M/Y BROADWATER* is denoted in the attached invoices numbered 707, 709, 711, 717, 719, 733, 736, 740, 745, 748, 752 757, 762, 767, 721, 776, 780, 784, 786, 791, 794 and 797. *See, Invoices attached hereto and marked as Ex. "A" and made a part hereof.*

9. Though ISM was paid for some worked associated with the overall interior refit of the *M/Y BROADWATER* identified in most of the above referenced invoices, it was not paid for the

*ISM v. M/Y BROADWATER*

work identified in invoices 791 and 797.  As such, the total amount owed to ISM is Three Hundred Three Thousand, Six Hundred Ninety-Eight Dollars and Ninety Cents ($303,698.90).

## COUNT I
### ENFORCEMENT OF MARITIME LIEN AGAINST THE *M/Y BROADWATER*

ISM re-alleges all allegations numbered 1 through 9 above as if fully asserted herein and further alleges:

10. ISM is a provider of necessaries to a vessel within the meaning of 46 U.S.C. § 31342.

11. ISM possesses a maritime lien against the *M/Y BROADWATER* for the sums due for necessaries provided to the vessel reflected in invoices numbered 791 and 797, and, therefore files this Verified Complaint to enforce its lien.

12. The *M/Y BROADWATER* is truly indebted upon ISM in the sum of Three Hundred Three Thousand, Six Hundred Ninety-Eight Dollars and Ninety Cents ($303,698.90) for the necessaries delineated in the attached invoices numbered 791 and 797 which include, but are not limited to, fabrication, finishing and installation of: valances, paneling, doors, flooring, window boxes, cabinets, beds, vanities and other woodworking items. These necessaries were provided at the order of the yacht's owner and/or its authorized agent GLOBAL VESSEL SERVICES.

13. Although demand for payment has been duly made, the *M/Y BROADWATER,* its owner and GLOBAL VESSEL SERVICES have failed and refuses to pay the aforesaid sums which are currently due and owing to ISM.

**WHEREFORE**, ISM prays:

A. That process and due form of law according to the rules and practices of this Honorable Court, in causes of admiralty and maritime claims, may issue against the *M/Y BROADWATER*, and that all personas having or claiming an interest therein may be cited to appear and answer, the matters aforesaid;

9300 SOUTH DADELAND BLVD., SUITE 101, MIAMI, FLORIDA  33156 * TEL (305) 416-2901 * FAX (305) 416-2902
3

B. That this Honorable Court enter a judgment in ISM's favor in the amount of Three Hundred Three Thousand, Six Hundred Ninety-Eight Dollars and Ninety Cents ($303,698.90) together with pre and post judgment interest and taxable costs, and that the *M/Y BROADWATER*, her engines tackle equipment, rigging, dinghies, furniture, appurtenances, etc., be condemned and sold to satisfy the said decree should approved substitute security not be posted; and,

C. That ISM may have such other and further relief as in law or equity it may be entitled to received.

\*      \*      \*

**Dated this 22nd day of March, 2017.**

**Respectfully Submitted by:**
**BRAIS BRAIS RUSAK**
Attorneys for Plaintiff,
*Interior Systems Management Corp.*
Dadeland Office Park
9300 S. Dadeland Blvd., Ste. 101
Miami, Florida 33157
Tel.: (305) 416-2901
Fax: (305) 416-2902

By: _s./ RICHARD D. RUSAK_____
        RICHARD D. RUSAK
        Florida Bar No.: 0614181

*Interior Systems Management Corp. v. M/Y BROADWATER, et, al.*

## VERIFICATION

I Winfield Austin, corporate officer and representative of Plaintiff, INTERIOR SYSTEMS MANAGEMENT CORP., and who has been designated by the Plaintiff to make this Verification, being duly sworn states:

1. I am over the age of eighteen (18) and otherwise competent to make this Verification.

2. I have read the foregoing Verified Complaint and hereby verify under oath that the contents therein are true and correct.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Winfield Austin as Corporate Representative of:
Interior Systems Management Corp.

**STATE OF FLORIDA   )**
                     )ss
**COUNTY OF BROWARD  )**

The foregoing instrument was acknowledged before me on the 21 day of March 2016, by Winfield Austin, who is personally known to me or who produced _FL DL_ as identification.

_____
Notary Public, State of Florida

VALERIE CISCO
Notary Public - State of Florida
Commission # FF 206112
My Comm. Expires May 25, 2019
Bonded through National Notary Assn.